IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Quanjay Jaculb Jones, | ) | C/A No. 3:16-706-JFA-PJG |
|                   Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina; The County of Richland; The Humane SPCA, | ) | |
|                   Defendants. | ) | |

The plaintiff, Quanjay Jaculb Jones, filed this action pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, as well as a state law claim of gross negligence against the named defendants.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the motions to dismiss of Defendant Humane Society for the Prevention of Cruelty to Animals ("SPCA's"), a non-profit charitable organization. (ECF Nos. 8 & 22.) In response, Jones consents to the dismissal of his federal claims against the SPCA without prejudice.[2] (Pl.'s Mem. Opp'n Mot. Dismiss, ECF No. 33 at 5.) Having reviewed the parties' submissions (ECF Nos. 33 & 41) and the applicable law, the court finds that Jones's remaining claim against the SPCA—a state law claim for gross negligence—should also be dismissed.

---

[1] Jones filed his Complaint in the Richland County Court of Common Pleas on February 1, 2016. On March 4, 2016, the defendants removed this action to the United States District Court.

[2] Although Jones requests dismissal without prejudice, the court agrees with the defendant that dismissal with prejudice is appropriate, as Jones's federal claims against Defendant SPCA appear to also be time barred. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (holding that federal civil rights claims accrue upon "inquiry notice"—when the plaintiff is put on notice, by the knowledge of the fact of injury and who caused it, to make reasonable inquiry, and that inquiry would reveal the existence of a colorable claim).



**BACKGROUND**

This matter arises out of the prosecution of the plaintiff for animal cruelty. According to Jones, he was wrongly arrested for that offense in 2007, and when other family members provided exculpatory statements to the SPCA's investigator Steve Stevenson, Stevenson drafted a letter requesting that Defendant Richland County withdraw the warrants against Jones. Allegedly, in July 2007, Stevenson called Jones and informed him that all charges had been dropped. However, this was apparently not the case, as Jones was tried in his absence and convicted in 2009. Jones learned of the conviction in 2013 and retained counsel, ultimately succeeding in having the conviction reversed. However, charges apparently remained pending and, despite Jones's providing Stevenson's letter to authorities, the prosecution against Jones proceeded to another trial in 2014, at which Jones was acquitted.

**DISCUSSION**

**A.    Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.

Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.     Statute of Limitations**

Defendant SPCA argues that Jones's gross negligence claim should be dismissed because it was filed beyond the applicable statute of limitations. See S.C. Code Ann. § 15-3-530. The parties agree that under state law, the statute of limitations began to run when Jones "knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code. Ann. § 15-3-535. The parties further agree that this standard is an objective one, and that the "fact that the injured party may not comprehend the full extent of the damage is immaterial." Dean v. Ruscon Corp., 468 S.E.2d 645, 647 (S.C. 1996).

> The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

Snell v. Columbia Gun Exchange, Inc., 278 S.E.2d 333, 334 (S.C. 1981) (*per curiam*). Here, the court agrees with Defendant SPCA that subscribing to Jones's application of the discovery rule and using a 2013 date for the commencement of the statute of limitations would disregard the reasonable diligence requirement. Jones was on notice in 2007 that, as a result of actions taken by Defendant SPCA, he was wrongly prosecuted for animal cruelty. This fact was sufficient to put him on notice that some right of his had been invaded or that some claim might exist, regardless of the extent of the harm that might ultimately flow from it, or whether a full-blown legal theory was then developed. See Snell, 278 S.E.2d at 334; see also Dean, 468 S.E.2d at 647. However, Jones failed to exercise



diligence to discover that the charges had not in fact been dropped by the prosecuting authority, resulting in additional harm to him by being tried and convicted *in absentia*. Cf. Dean, 468 S.E.2d 645 (holding that a claim was time barred where the plaintiff knew of a crack in the building and surmised that it stemmed from pile driving at a nearby construction site but did not comprehend the full extent of the structural damage until the crack worsened much later). Moreover, Stevenson's agreement to *request* withdrawal of the warrants was insufficient to ensure that actually occurred, as the SPCA had no authority over the prosecution—that authority lay elsewhere. See generally S.C. Code Ann. §§ 47-1-130(B) (SPCA has no authority to arrest for violation of animal cruelty laws); 47-1-150 (SPCA's sole authority extends to seizure of animals). And even accepting Jones's allegation as true that Stevenson informed him that the charges had been dropped, a reasonably diligent inquiry from the officials actually in charge of the prosecution would have revealed that not to be the case.

For many of these same reasons, Jones's claim for gross negligence against the SPCA would also fail on its merits, as he cannot demonstrate that the SPCA breached any duty to him, since it had no authority to end the prosecution against him. (See generally Def.'s Reply Supp. Mot. Dismiss at 5-7, ECF No. 41 at 5-7); see, e.g., Byerly v. Connor, 415 S.E.2d 796, 799 (S.C. 1992).

PJG

## RECOMMENDATION

For the foregoing reasons, the court recommends that Defendant SPCA's motions to dismiss (ECF Nos. 8 & 22) be granted.[3]

*[signature: Paige J. Gossett]*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 29, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] If this recommendation is adopted, Jones's claims against the State of South Carolina and Richland County will remain pending before the court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).