IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Quanjay Jaculb Jones, | ) | C/A No. 3:16-706-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| State of South Carolina; The County of Richland, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Quanjay Jaculb Jones, filed this action pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, as well as alleging a state law claim of gross negligence against the defendants.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 57.) Plaintiff filed a response to the motion, (ECF No. 59), in which he consents to the dismissal of his federal claims. The defendants filed a reply.[2] (ECF No. 60.) Accordingly, the court finds that the defendants' motion should be granted as to Plaintiff's federal claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. Moreover, in light of the recommendation as to Plaintiff's federal claims, the court should exercise its discretion to remand the state law claim of gross negligence to the Richland County Court of Common Pleas. See 28 U.S.C. § 1367(c) (authorizing a district court to decline to

---

[1] Jones filed his Complaint in the Richland County Court of Common Pleas on February 1, 2016. On March 4, 2016, the defendants removed this action to the United States District Court. Defendant The Humane SPCA was previously dismissed. (ECF No. 55.)

[2] The defendants indicate they will file a motion to determine their entitlement to attorney's fees and costs associated with the filing of this action.

Page 1 of 3



exercise jurisdiction over a supplemental claim if the court has dismissed all claims over which it had original jurisdiction); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988) (discussing the factors in deciding whether to exercise supplemental jurisdiction after removal).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion be granted as to Plaintiff's federal claims (ECF No. 57), and Plaintiff's gross negligence claim be remanded to the Richland County Court of Common Pleas.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 3, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).