IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Quanjay Jaculb Jones, | C/A No. 3:16-706-JFA-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| State of South Carolina; The County of Richland; The Humane SPCA, | |
| Defendants. | |

## I.   INTRODUCTION

Quanjay Jaculb Jones ("Jones") filed this action asserting claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, as well as a state law claim for gross negligence against the remaining defendants in this case; the State of South Carolina and the County of Richland.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge. On November 23, 2016, Defendants State of South Carolina and The County of Richland[2] ("Defendant" or "Richland County"), submitted a motion for summary judgement. (ECF No. 57). Plaintiff responded by conceding to a dismissal of all federal claims, but opposing a dismissal of the remaining state law claim for gross negligence. (ECF No. 59).

The Magistrate Judge assigned to this action[3] prepared a Report and Recommendation ("Report") and opines that Jones' federal claims should be dismissed and the remaining state law

---

[1] These claims were also alleged against Defendant Humane Society for the Prevention of Cruelty to Animals ("SPCA"), but all claims against that defendant were dismissed by previous order of this court. (ECF No. 55).

[2] Although named as two separate entities, it appears that the State of South Carolina and the County of Richland actually refers to one defendant-Richland County. (ECF No. 57-1 p. 2–3).

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).  The Magistrate Judge makes only a recommendation to this

claim should be remanded to the Richland County Court of Common Pleas[4]. (ECF No. 61). Both Defendant and Plaintiff objected to the report. Defendant objects to the extent that the Magistrate Judge recommends a remand of the state law claim and request that this court retain jurisdiction over the remaining issue. (ECF No. 62). Plaintiff similarly objects to the Report because "it would be a waste of time and judicial resource for this matter to be remanded to State Court." (ECF No. 66).

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).  However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

[4] This case originated in the Richland County Court of Common Pleas and was subsequently removed to this Court on March 3, 2016. (ECF No. 1).

## II.     ANALYSIS

A review of the record indicates that the remaining claim for gross negligence can be easily adjudicated by this court, thereby obviating any need for remand. Accordingly, a brief recitation of the factual history and relevant law is warranted.

### A.  Background

This matter arises out of the prosecution of Plaintiff for animal cruelty. According to Jones, he was wrongly arrested for that offense in 2007, and when other family members provided exculpatory statements to the SPCA's investigator Steve Stevenson, Stevenson drafted a letter requesting that Defendant Richland County withdraw the warrants against Jones. Allegedly, in July 2007, Stevenson called Jones and informed him that all charges had been dropped. However, this was apparently not the case, as Jones was tried in his absence and convicted in 2009 by Defendant Richland County. Jones learned of the conviction in 2013 and retained counsel, ultimately succeeding in having the conviction reversed. However, charges apparently remained pending and, despite Jones's providing Stevenson's letter to authorities, the prosecution against Jones proceeded to another trial in 2014, at which Jones was acquitted. Jones then filed this action in the Richland County Court of Common Pleas on February 1, 2016.

### B.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

**C. Discussion**

Here, Richland County asserts several arguments as to why the claim for gross negligence should be dismissed. Chief among them is that Plaintiff's claims are barred by the applicable statute of limitations. Indeed, this court previously analyzed an identical argument when deciding to dismiss the same claim for gross negligence as against Defendant SPCA. (ECF No. 45, 55). Plaintiff has failed to present any argument as to why this court should rule inconsistently with that previous order.

As with Defendant SPCA, Richland County argues that Jones' gross negligence claim was filed outside of the applicable three year limitations period. *See* S.C. Code Ann. § 15-3-530. It is undisputed that the statute of limitations began to run when Jones "knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann. § 15-3-535. South Carolina courts have interpreted the "exercise of reasonable diligence" to mean that the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another

party might exist. *Dean v. Ruscon Corp.*, 321 S.C. 360, 363–64, 468 S.E.2d 645, 647 (1996). "The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed." *Snell v. Columbia Gun Exchange, Inc*., 278 S.E.2d 333, 334 (S.C. 1981). "The fact that the injured party may not comprehend the full extent of the damage is immaterial." *Ruscon Corp.* at 364, 468 S.E.2d at 647.

Here, Jones argues that the statute of limitations did not begin to run until November 2013, when he had actual knowledge of the 2007 conviction, or August 2014, the date when Jones was acquitted. However, use of the 2013 or 2014 date would disregard the reasonable diligence requirement. Jones was put on notice in 2007, that as a result of Defendant SPCA's actions, he was wrongly prosecuted by Richland County. This fact was sufficient to put Jones on notice that some of his rights had been invaded or that some claim might exist, regardless of the extent of the harm that might ultimately flow from it, or whether a full-blown legal theory was then developed. *See Snell*, 278 S.E.2d at 334; *Ruscon Corp.* at 364, 468 S.E.2d at 647. However, Jones failed to exercise diligence to discover that the charges had not in fact been dropped by Defendants, resulting in his conviction *in absentia.* Stevenson's agreement to request withdrawal of the warrants was insufficient to ensure the charges were actually dropped because the SPCA had no authority over the prosecution. *See* S.C. Code Ann. 47-1-130(B) (SPCA has no authority to arrest for violation of animal cruelty laws). Accepting as true that Stevenson informed Jones that the charges had been dropped, a reasonably diligent inquiry of the officials actually in charge of the prosecution would have revealed that not to be the case. Therefore, the limitations period began to run in 2007, and expired well before the filing date in 2016.

Even assuming that the limitations period did not begin to run until November 2013, when Jones had actual knowledge of the conviction, his claims against Richland County would still be

barred. Jones' gross negligence claim arises out of his wrongful prosecution by Richland County. Accordingly, the South Carolina Torts Claims Act is the exclusive remedy for any tort committed by an employee of a governmental entity acting in the course and scope of his employment. S.C. Code Ann. § 15-78-70(a). Consequently, "any action brought pursuant to this [Act] is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered." S.C. Code Ann. § 15-78-110. Therefore, assuming that the limitations period did not begin to run until November 2013, the time to file a claim against Richland County expired in November 2015. Consequently, Plaintiff's claims are barred.

### III. CONCLUSION

Accordingly, the Court adopts the Report and Recommendation (ECF No. 61) in part and modifies the remaining portions. The Report is adopted to the extent that it recommends dismissal of all pending federal claims.[5] The Report is modified to the extent that Jones' remaining action for gross negligence is dismissed with prejudice based upon the applicable statute of limitations.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 21, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[5] No objections were made to this portion of the Report and therefore no explanation for its adoption is needed. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).